IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-145-TAV-HBG |
| | ) | |
| RICHARD GRAHAM, and | ) | |
| DUSTY W. OLIVER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.

§ 636(b) for disposition or report and recommendation regarding disposition by the District Court

as may be appropriate. The parties case came before the Court on October 30, 2019, for a

scheduled pretrial conference and motion hearing on Defendant Dusty Oliver's Motion to

Continue Trial and All Other Deadlines [Doc. 20], filed on October 4, 2019. Assistant United

States Attorney Jennifer Kolman appeared on behalf of the Government. Assistant Federal

Defender Benjamin G. Sharp represented Defendant Richard Graham. Attorney Stephen G.

McGrath represented Defendant Oliver. Both Defendants were also present.

Defendant Oliver moves the Court to continue the November 12, 2019 trial date and the

schedule in this case to give counsel more time to resolve pretrial matters. The motion states that

defense counsel needs additional time to evaluate the need for pretrial motions and to prepare for

trial. The motion relates that Defendant Oliver is waiving his speedy trial rights and that the

Government does not oppose the requested continuance.

At the motion hearing, Mr. McGrath stated that in the weeks after he filed the motion, the parties have been working on an agreed resolution of the case. He said that he anticipated that the case would be resolved in the near future. He affirmed that Defendant Oliver is waiving his speedy trial rights. Mr. Sharp moved to join in the motion to continue. He stated that Defendant Graham is also waiving his speedy trial rights in relation to the motion.

AUSA Kolman stated that the Government does not object to a trial continuance. She stated that her supervisor approved plea agreements for both Defendants this morning and that she would be forwarding the plea agreements to defense counsel. The parties agreed on a new trial date of April 28, 2020.

The Court granted Defendant Graham's oral motion to join in the motion to continue. The Court finds the Defendants' joint motion to continue the trial to be unopposed and well taken. It also finds that the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court concludes that continuing the trial is necessary in this case in order to give counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Counsel need additional time to complete a negotiated resolution of the case and, if no agreement is reached, to prepare for trial. Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The unopposed, joint motion to continue the trial [**Doc. 20**] is **GRANTED**, and the trial of this matter is reset to **April 28, 2020**. The Court finds that all the time between the filing of the motion on October 4, 2019, and the new trial date of April 28, 2020, is fully excludable time under

2

the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & (7)(A)-(B). With regard to other scheduling in this case, the undersigned will hold a final pretrial conference on **April 13, 2020, at 11:00 a.m**. This date will also be the new deadline for concluding plea negotiations and providing reciprocal discovery. Motions *in limine* are due on or before **April 13, 2020**. Special requests for jury instructions shall be filed no later than **April 17, 2020**, and must be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Graham's oral motion to join in the Motion to Continue the Trial and All Other Deadlines is **GRANTED**;

(2) The joint Motion to Continue the Trial and All Other Deadlines [**Doc. 20**] is also **GRANTED**;

(3) The trial of this case is reset to commence on **April 28, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(4) All time between the filing of the motion to continue on **October 4, 2019**, and the new trial date of **April 28, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The undersigned will hold a final pretrial conference on **April 13, 2020, at 11:00 a.m.** This date is also the new deadline for filing plea agreements, providing reciprocal discovery, and filing motions *in limine*; and

(6) Special requests for jury instructions must be filed no later than **April 17, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton

United States Magistrate Judge